IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT BEATON,                          :
(A 36 709 542)                          :
       Petitioner              :    CIVIL ACTION NO. 4:04-CV-0494
                                :
       v.                      :    (Judge Jones)
                                :
JOHN ASHCROFT, et al.,                  :
                                :
       Respondents             :

**MEMORANDUM AND ORDER**

August 24, 2005

Petitioner, Robert Beaton ("Beaton"), filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Rec. Doc. 1).  He challenges an order of removal issued on February 21, 2003, by an Immigration Judge in Philadelphia, Pennsylvania, ordering him removed from the United States to Guyana. (Rec. Doc. 14).  On February 18, 2004, the Board of Immigration Appeals affirmed the Immigration Judge's decision.  Id.

Presently pending before the Court is a response to the petition in which the Respondent requests that the Petition be transferred to the United States Court of Appeals for the Third Circuit, pursuant to the REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005).  (Rec. Doc. 14).  For the reasons set forth below, the

Respondent's request to transfer the Petition will be granted and the Petition will be transferred to the Third Circuit Court of Appeals.

Respondent contends that "Section 106 of the REAL ID Act of 2005 amended section 242(a) of the INA to provide that the sole and exclusive means to review an order of removal shall be by petition for review in the applicable court of appeals. H.R. 1268, 109th Cong. (2005)(enacted), Pub.L.No. 109-13, Div.B, 119 Stat. 231." (Rec. Doc. 14 at 2).  The amendment became effective on May 11, 2005.  Section 106(c) provides that "[i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).  The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review

under section 242, except that subsection (b)(1) of such section shall not apply."  As Beaton's Petition is challenging his final administrative order of removal, Section 106(c) mandates transfer of the matter to the Third Circuit Court of Appeals, the circuit where the Immigration Judge presided over the immigration proceedings and issued Petitioner's removal.

**THEREFORE, T IS HEREBY ORDERED THAT:**

1.  Respondent's request to transfer the instant Petition for Writ of Habeas Corpus (Rec. Doc. 14).  is GRANTED.

2.  The Clerk of Court is directed to TRANSFER the instant action to the United States Court of Appeals for the Third Circuit.

3.  The Clerk of Court is directed to CLOSE this case.

s/ John E. Jones III
John E. Jones III
United States District Judge